IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| WILLA FARIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:07-CV-102 |
| ) | |
| GARY LONG, EXECUTIVE DIRECTOR, ) | |
| FEDERAL RETIREMENT THRIFT ) | |
| INVESTMENT BOARD; METROPOLITAN ) | |
| LIFE INSURANCE COMPANY; ) | |
| JILL KIRSTEN FARIS; ) | |
| JOY SVEA JOHNSON; ) | |
| JONI TRINETTE FARIS; and ) | |
| CHRISTI FARIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the court on the motion for judgment on the pleadings and motion to dismiss [doc. 21] filed by defendants Jill Kirsten Faris, Joy Svea Johnson, and Joni Trinette Faris (collectively, "the Daughters"). Plaintiff has filed a response in opposition to the motion [doc. 32], and the Daughters have submitted a reply [doc. 36].

Also before the court is the motion to dismiss [doc. 17] filed by defendant "Gary Long, Executive Director, Federal Retirement Thrift Investment Board" ("Long").[1] Plaintiff has filed a response [doc. 31], to which Long has submitted a reply [doc. 34].

---

[1] "Gary" Long was added as a defendant pursuant to a joint motion to substitute parties [doc. 13] signed by the attorneys for *both* original parties. According to his present filings, it now appears that Long's first name is in fact "Gregory" rather than "Gary."

Lastly, before the court is plaintiff's "Motion for Leave to Amend First Amended Complaint" [doc. 30]. Long is the only defendant to have responded to that motion [doc. 33].

For the reasons that follow, the Daughters's motion for judgment on the pleadings and motion to dismiss will be granted, as will Long's motion to dismiss. Plaintiff's motion for leave to amend will be denied.

I.

*Applicable Legal Standards*

A. Rule 12

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Motions for judgment on the pleadings are authorized by Rule 12(c). Courts employ the same standard to Rule 12(b)(6) and Rule 12(c) motions. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

If "matters outside the pleadings are presented to and not excluded by the court," a motion under Rule 12 (b)(6) or 12(c) is generally converted to one for summary

judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).[2] Pursuant to Rule 56(c), summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has made its initial showing, the burden shifts to the non-movant to present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *See id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law. *See id.* at 251-52.

---

[2] If a motion is treated as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). By order dated February 12, 2008 [doc. 35], all parties were notified of the court's intention to treat both pending dispositive motions as motions for summary judgment.

B. Rule 15

After being served with a responsive pleading, a plaintiff may amend her complaint only with the court's permission or by written consent of the opposing party. *See* Fed. R. Civ. P. 15(a). Leave of court should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this lenient standard, however, leave to amend should not be granted in instances where the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

II.

*Factual Background*[3]

Plaintiff married Jerry L. Faris ("Faris") in 1995. The Daughters are Faris's adult children from a previous marriage. Defendant Christi Faris is plaintiff's and Faris's adopted daughter.[4]

Plaintiff and Faris separated in 2005, and an action for divorce was commenced in June of that year. Pursuant to § 36-4-106 of the Tennessee Code, a temporary injunction went into effect upon the filing of the divorce petition. *See* Tenn. Code Ann. § 36-4-106(d) ("restraining and enjoining both parties from . . . in any way dissipating or disposing, without

---

[3] The court's factual recitation is drawn in part from plaintiff's complaints. The facts taken therefrom are not contested by the defendants.

[4] By notice filed February 22, 2008 [doc. 37], plaintiff voluntarily dismissed Christi Faris from this case. That dismissal leaves Metropolitan Life Insurance Company ("MetLife") as the only defendant not to have filed a dispositive motion.

4

the consent of the other party or an order of the court, of any marital property" or changing the beneficiary status of any insurance policy that provides coverage to either of the parties or the children).

Faris died on April 5, 2007. He and plaintiff were still married on the date of death, as no final divorce decree had been entered.

Faris was a retired federal employee. Secondary to his employment, he held a Federal Employees Group Life Insurance policy administered by MetLife.[5] On the date of entry of the state court injunction, plaintiff was a named beneficiary of that policy. Faris subsequently changed the policy beneficiaries to the Daughters and Christy Faris. Plaintiff contends that the state court injunction rendered that action null and void.

Faris also was a participant in the Thrift Savings Plan ("TSP"), a tax-deferred federal retirement program. On the date of entry of the state court injunction, Faris had not designated a beneficiary for his TSP account. As such, plaintiff was by default the beneficiary of those funds. *See* 5 U.S.C. § 8424(d), (e).

Long has submitted two declarations of Pamela-Jeanne Moran, the Director of Office Participant Services of the Federal Retirement Thrift Investment Board ("the Board"). Attached to the declarations are three designation of beneficiary forms signed by Faris. The

---

[5] Hereinafter, the court will employ the abbreviation "FEGLI" to refer to Federal Employees Group Life Insurance, and the abbreviation "FEGLIA" to refer to the Federal Employees Group Life Insurance Act, 5 U.S.C. §§ 8701 - 8716.

first form is dated April 25, 2006. Consisting of two pages, the form names the Daughters and Christi Faris each as 25% beneficiaries. By unsigned letter dated June 15, 2006, TSP notified Faris that it was "unable to process" the form because the four 25% beneficiary shares did "not add up to 100%[.]" According to the second Moran declaration, "[t]his notice was generated in error. The beneficiary shares do add up to 100 percent, but the individual who data entered the form overlooked the . . . continuation page, and, because of the data entry error, the notice was automatically generated." Because the form was not processed, it was not entered into the TSP automated record-keeping system.

A second form signed by Faris was received by TSP on *March* 23, 2007, naming the Daughters each as one-third beneficiaries and deleting Christi Faris's share. The form, however, appears to have been dated *May* 23, 2007. Because of that discrepancy, an unsigned letter was sent to Faris by TSP on March 27, 2007, advising that the form could not be processed due to the invalid date. According to the second Moran declaration, this letter, too, "was generated in error" because TSP regulations did not require the form to be correctly dated.

On April 5, 2007 (the date of Faris's death), a third beneficiary designation form was received by TSP. This form is identical to the second, except that what appears to be the word "March" is written over what previously appeared to be the word "May." That same day, a letter was submitted to TSP by the witnesses to the second form stating, "While dating the form Mr. Faris initially began to abbreviate the month of March. He then wrote

over the abbreviation and did write out the month of March. Please process this form accordingly."

On April 11, 2007, TSP sent an unsigned letter to plaintiff, advising in material part, "The . . . TSP . . . has been notified that [Faris] is deceased. . . . Our records indicate the participant did not have a valid [beneficiary designation form] on file." According to Moran, this letter, too, was generated in error - due to extreme delays in TSP's data processing. Then, on April 23, 2007, TSP sent a letter *__to Faris__* advising, "Your form has been processed." *__Mr. Faris__* was advised that *__he__* could call or write TSP if he had further questions.

By her first amended complaint, plaintiff contends that the state court injunction rendered Faris's TSP beneficiary designation forms null and void. By her proposed second amended complaint, plaintiff would argue that there was no valid beneficiary designation form on file with TSP as of the date of Faris's death, irrespective of the state court injunction.

III.

*Analysis*

A. FEGLI

The Supreme Court has consistently held that federal beneficiary designation and anti-assignment provisions preempt conflicting state law property rights. *See, e.g.,*

7

*Ridgway v. Ridgway*, 454 U.S. 46 (1981) (Servicemen's Group Life Insurance Act); *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979) (Railroad Retirement Act); *Wissner v. Wissner*, 338 U.S. 655 (1950) (National Service Life Insurance Act). "[S]pecifically, a state divorce decree, like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments. . . . That principle is but the necessary consequence of the Supremacy Clause of our National Constitution." *Ridgway*, 454 U.S. at 55. "It has been consistently held in regard to FEGLIA that a divorce decree cannot operate as a waiver or restriction of an insured's right to change the beneficiary when federal regulations conflict." *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 367 (8th Cir. 1997); *accord Dean v. Johnson*, 881 F.2d 948, 949 (10th Cir. 1989). Plaintiff's first amended complaint therefore fails to state a cognizable claim as to Faris's FEGLI beneficiary change. *See Dean*, 881 F.2d at 949 ("The state domestic relations court order ostensibly restricts the federal insured's right to designate a beneficiary and thus cannot be valid under FEGLIA."); *Matthews v. Matthews*, 926 F. Supp. 650, 653 (N.D. Ohio 1996) ("[F]ederal law, not state law, governs this action and . . . a beneficiary designated in accordance with the procedures prescribed by the FGLIA [sic] should prevail over beneficiaries designated in another document."). Conflicting state law cannot override an employee's ability to designate beneficiaries of a FEGLI policy.

In the alternative, plaintiff also contends (without citation to supporting authority) that FEGLIA and its implementing regulations are unconstitutional. That theory

8

is not well-taken. In enacting FEGLIA, Congress generally chose not to require notice to, or approval by, any third person prior to a change of beneficiary. *See, e.g.*, 5 U.S.C. § 8705. Consistent with FEGLIA, the implementing regulations provide that "[a]n insured individual . . . may change his/her beneficiary at any time without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted." 5 C.F.R. § 870.802(f).

Of direct and controlling relevance to the present case, Congress expressly provided a procedure for spouses to protect their state law interests in FEGLI policies, and plaintiff failed to take advantage of that procedure. Pursuant to 5 U.S.C. 8705(e), a state domestic relations court order may in fact trump an insured's attempted beneficiary designation. The order simply must expressly address the FEGLI policy and be filed with the Office of Personnel Management prior to the insured's death. *See* 5 U.S.C. § 8705(e)(1), (2). Had plaintiff accomplished those two simple steps, Faris would then have been unable to change his FEGLI beneficiary designation absent either plaintiff's written consent or modification of the state court order. *See* 5 U.S.C. § 8705(e)(3).

Again, plaintiff simply failed to take advantage of the procedure provided to her by Congress. She may not now blame that failure on Congress, MetLife, Faris, or the current beneficiaries. As it pertains to the FEGLI policy, the Daughters's motion must therefore be granted.

## B. TSP

As with the anti-assignment and beneficiary provisions of FEGLIA, under *Ridgway*, *Hisquierdo*, and *Wissner*, plaintiff's state law property rights are preempted by the Federal Employees Retirement System Act ("FERSA"). Her first amended complaint therefore fails to state a cognizable claim in its assertion that the state court restraining order prohibited Faris from subsequently changing his TSP beneficiary designation.

Also, as with FEGLIA, plaintiff's unsupported challenge to FERSA's constitutionality fails. Unlike FEGLIA, FERSA does grant certain rights to a participant's spouse. For example, a participant cannot withdraw or borrow TSP funds without spousal notification and consent. *See* 5 U.S.C. §§ 8424(b), 8435(a), (e).

As with FEGLIA, however, Congress generally chose not to require notice to, or approval by, any third person prior to TSP beneficiary designation changes. In neither § 8435 (captioned "Protections for spouses and former spouses") nor § 8424 (captioned in material part "designation of beneficiary") did Congress choose to require spousal notification or consent prior to a beneficiary designation. FERSA also contains strict anti-assignment provisions. *See* 5 U.S.C. § 8437(e)-(f). Consistent with FERSA, the implementing regulations direct that a participant may designate or change beneficiaries without spousal notice or consent. *See* 5 C.F.R. §§ 1651.3, 1651.4.

Moreover, as with FEGLIA, Congress expressly provided a procedure for spouses to protect their state law interests in TSP funds, and plaintiff failed to take advantage

10

of that procedure. Plaintiff could have caused Faris's account to be frozen had she filed with the Board an appropriate state court domestic relations order expressly referring to the account. *See* 5 U.S.C. § 8435(c); 5 C.F.R. § 1653.2.

Again, plaintiff simply failed to take advantage of the procedures provided to her by Congress and the Board. She may not now blame that failure on Congress, the Board, Faris, or the current beneficiaries. Long's and the Daughters's motions to dismiss must be therefore be granted.

## C. Motion to Amend

By her "Motion for Leave to Amend First Amended Complaint," plaintiff "seeks the Court's permission to amend her complaint to allege as a second cause of action that there was no valid [beneficiary change] form on file with the Recorder of the Federal Retirement Thrift Investment Board before the death of Jerry L. Faris." [Doc. 30]. Plaintiff's motion will be denied because the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff cites the unclear signature dates on the two 2007 forms purportedly submitted by Faris. She also cites the April 11, 2007 unsigned notice sent to her by the Board which stated, "Our records indicate the participant did not have a valid [beneficiary designation form] on file." Plaintiff does not, however, otherwise challenge the validity of the first (April 2006) form supplied by Faris.

As noted above, the April 2006 form consisted of two pages, naming the Daughters and Christi Faris each as 25% beneficiaries. By unsigned letter dated June 15, 2006, TSP notified Faris that it was "unable to process" the form because the four 25% beneficiary shares did "not add up to 100%[.]" According to Director Moran, "[t]his notice was generated in error. The beneficiary shares do add up to 100 percent, but the individual who data entered the form overlooked the . . . continuation page, and, because of the data entry error, the notice was automatically generated." Because the form was not processed, it was not entered into TSP's automated record-keeping system.

The court has reviewed the 2006 beneficiary form [doc. 34, ex. 1]. To be valid, FERSA requires only that the designation be signed, witnessed, and received by the Board prior to the participant's death. *See* 5 U.S.C. § 8424(d); 5 C.F.R. § 1651.3(c). Both pages of the form are signed, witnessed, and date-stamped as having been received more than eleven months prior to Faris's death. Plaintiff disputes none of these facts.

The Board's remarkable subsequent series of bureaucratic missteps does not create a genuine issue of material fact as to the validity of the April 2006 form under § 8424(d). There was, therefore, at least one valid designation on file prior to Faris's death. The proposed second amended complaint would thus be a futile filing, and plaintiff's motion will be denied.

An order consistent with this opinion will be entered.


ENTER:



        s/ Leon Jordan
United States District Judge