IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| WILLA FARIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-CV-102 |
| | ) | |
| GARY LONG, EXECUTIVE DIRECTOR, | ) | |
| FEDERAL RETIREMENT THRIFT | ) | |
| INVESTMENT BOARD; METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY; | ) | |
| JILL KIRSTEN FARIS; | ) | |
| JOY SVEA JOHNSON; | ) | |
| JONI TRINETTE FARIS; and | ) | |
| CHRISTI FARIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Now before the court is the unopposed motion for summary judgment [doc. 40] filed by defendant Metropolitan Life Insurance Company ("MetLife").[1] For the reasons that follow, the motion will be granted and this civil action will be dismissed.

---

[1] Plaintiff has not responded to the instant motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a). Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motion to ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

I.

*Applicable Legal Standards*

Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has made its initial showing, the burden shifts to the non-movant to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law. *Id.* at 251-52.

II.

*Factual Background*

Plaintiff married Jerry L. Faris ("Faris") in 1995. Defendants Jill Kirsten Faris, Joy Svea Johnson, and Joni Trinette Faris (collectively, "the Daughters") are Faris's adult

children from a previous marriage. Defendant Christi Faris is plaintiff's and Faris's adopted daughter.[2]

Plaintiff and Faris separated in 2005, and an action for divorce was commenced in June of that year. Pursuant to § 36-4-106 of the Tennessee Code, a temporary injunction went into effect upon the filing of the divorce petition. *See* Tenn. Code Ann. § 36-4-106(d) ("restraining and enjoining both parties from . . . in any way dissipating or disposing, without the consent of the other party or an order of the court, of any marital property" or changing the beneficiary status of any insurance policy that provides coverage to either of the parties or the children).

Faris died on April 5, 2007. He and plaintiff were still married on the date of death, as no final divorce decree had been entered.

Faris was a retired federal employee. Secondary to his employment, he held a Federal Employees Group Life Insurance policy administered by MetLife.[3] As of the date of entry of the state court injunction, plaintiff was named as an 80% beneficiary of the policy. On April 25, 2006, Faris designated the Daughters and Christy Faris each as 25% beneficiaries and deleted plaintiff's share. By her first amended complaint, plaintiff contends

---

[2] By notice filed February 22, 2008 [doc. 37], plaintiff voluntarily dismissed Christi Faris from this case. By order dated March 4, 2008 [doc. 39] the court granted the motions to dismiss filed by the Daughters and by defendant "Gary Long, Executive Director, Federal Retirement Thrift Investment Board." MetLife is the sole remaining defendant in this case.

[3] Hereinafter, the court will employ the abbreviation "FEGLI" to refer to Federal Employees Group Life Insurance, and the abbreviation "FEGLIA" to refer to the Federal Employees Group Life Insurance Act, 5 U.S.C. §§ 8701 - 8716.

3

that the state court injunction rendered that action null and void.

III.

*Analysis*

The Supreme Court has consistently held that federal beneficiary designation and anti-assignment provisions preempt conflicting state law property rights. *See, e.g., Ridgway v. Ridgway*, 454 U.S. 46 (1981) (Servicemen's Group Life Insurance Act); *Hisquierdo v. Hisquierdo*, 439 U.S. 572 (1979) (Railroad Retirement Act); *Wissner v. Wissner*, 338 U.S. 655 (1950) (National Service Life Insurance Act). "[S]pecifically, a state divorce decree, like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments. . . . That principle is but the necessary consequence of the Supremacy Clause of our National Constitution." *Ridgway*, 454 U.S. at 55. "It has been consistently held in regard to FEGLIA that a divorce decree cannot operate as a waiver or restriction of an insured's right to change the beneficiary when federal regulations conflict." *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 367 (8th Cir. 1997); *accord Dean v. Johnson*, 881 F.2d 948, 949 (10th Cir. 1989). Plaintiff's first amended complaint therefore fails to state a cognizable claim as to Faris's FEGLI beneficiary change. *See Dean*, 881 F.2d at 949 ("The state domestic relations court order ostensibly restricts the federal insured's right to designate a beneficiary and thus cannot be valid under FEGLIA."); *Matthews v. Matthews*, 926 F. Supp. 650, 653 (N.D. Ohio 1996) ("[F]ederal law, not state law, governs this action and . . . a beneficiary designated in accordance with the procedures

prescribed by the FGLIA [sic] should prevail over beneficiaries designated in another document."). Conflicting state law cannot override an employee's ability to designate beneficiaries of a FEGLI policy.

Further, in enacting FEGLIA, Congress generally chose not to require notice to, or approval by, any third person prior to a change of beneficiary. *See, e.g.*, 5 U.S.C. § 8705. Consistent with FEGLIA, the implementing regulations provide that "[a]n insured individual . . . may change his/her beneficiary at any time without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted." 5 C.F.R. § 870.802(f).

Of direct and controlling relevance to the present case, Congress expressly provided a procedure for spouses to protect their state law interests in FEGLI policies, and plaintiff failed to take advantage of that procedure. Pursuant to 5 U.S.C. 8705(e), a state domestic relations court order may in fact trump an insured's attempted beneficiary designation. The order simply must expressly address the FEGLI policy and be filed with the Office of Personnel Management prior to the insured's death. *See* 5 U.S.C. § 8705(e)(1), (2). Had plaintiff accomplished those two simple steps, Faris would then have been unable to change his FEGLI beneficiary designation absent either plaintiff's written consent or modification of the state court order. *See* 5 U.S.C. § 8705(e)(3).

However, plaintiff did not take advantage of that procedure. She may not now blame that failure on Congress, MetLife, Faris, or the current beneficiaries.

5

Faris's April 2006 beneficiary designation is not voided by the state court injunction. MetLife's summary judgment motion will be granted and this civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

       s/ Leon Jordan
United States District Judge